IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

OREFO OKEKE,

     Plaintiff,                          OPINION and ORDER

v.

                                         20-cv-675-wmc

UNITED STATES OF AMERICA          17-cr-111-wmc

Under 28 U.S.C. § 2255, Orefo Okeke moves to vacate a sentence imposed by this court on October 18, 2018.  In particular, after Okeke pleaded guilty to one charge of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371, this court imposed a sentence of 45 months' imprisonment.  In his amended petition, Okeke claims that his attorney was ineffective with respect the calculation of his sentence and restitution amount.[1]  This matter is currently before the court for preliminary review under Rule 4 of the Rules Governing Section 2255 Cases.[2]

Specifically, Rule 4 requires this court to evaluate whether the lawsuit crosses "some threshold of plausibility" before the government will be required to answer.  *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996).  After reviewing the substance of Okeke's § 2255 petition, the evidence and submissions from his underlying criminal conviction, and the matters considered by the

---

[1] Okeke's original petition raised different grounds for relief, which essentially parroted the claims Okeke raised during his direct appeal.  The court accepts Okeke's amended petition as the operative pleading, and considers only those grounds for purposes of its Rule 4 review.

[2] The Bureau of Prison's inmate locator shows that Okeke was released from custody on January 8, 2021.  *See* https://bop.gov/inmateloc/ (last visited May 28, 2021).  Given that Okeke's sentence included a one-year term of supervised release, and it does not appear that Okeke has been deported, the court infers that Okeke remains in "custody," for purposes of this motion.  *See United States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001).

Court of Appeals for the Seventh Circuit, Okeke is attempting to raise issues already fully litigated before this court and the Seventh Circuit.  Since the balance of his claims lack merit, and his motion will be denied.

RELEVANT BACKGROUND

From 2010 to 2016, defendant Okeke operated his automobile dealership as a front for numerous fraud schemes, in which both he and his codefendant Clement Onuama were involved.  These schemes varied, but included romance fraud, business mail schemes, identity theft and credit card fraud. On November 15, 2017, a grand jury returned a 10-count indictment, charging Okeke and Onuama with participating in a dual-object conspiracy involving wire fraud and money laundering, wire fraud, and identify theft. Okeke entered into a written plea agreement with the government, and on July 26, 2018, he pleaded guilty to the conspiracy charge.

The court sentenced Okeke on October 18, 2018.  The Presentence Investigation Report ("PSR") recommended that the court impose a two-point enhancement for sophisticated means under U.S.S.G. § 2B1.1(b)(10)(C).  Through his counsel, Okeke objected to the two-point "sophisticated scheme" enhancement, arguing in particular that Okeke's conduct was not sophisticated in part, because his explanation that "the funds were for the purchase of a car" -- a "transparent lie" -- suggested a *lack* of sophistication. (*See* CR, dkt. #59, at 3-5.)[3]  His counsel also objected to the enhancement on the ground that the enhancement applies to the defendant's conduct only, not the conduct of others.

---

[3] "CR" refers to the docket cites for Okeke's criminal case.

Case: 3:20-cv-00675-wmc   Document #: 5   Filed: 06/14/21   Page 3 of 7

While agreeing that Okeke's actions alone should be considered, this court overruled Okeke's objection, finding that the scheme was sophisticated, implicitly but finding that Okeke's actions warranted the enhancement.  In particular, the court found that Okeke's use of the seemingly legitimate car business as a front was a crucial part of the fraudulent scheme, not an indicator of a lack of sophistication.  (CR, dkt. #76, at 5.) The court further noted the Seventh Circuit's advice in *United States v. Wayland*, 549 F.3d 526 (7th Cir. 2008), that an offense need not involve "intelligence or expertise" to be sophisticated.  (*Id.*)  Accordingly, the court found the enhancement appropriate because: (1) "the scheme accounted for the possibility that bank investigators would be able to quickly determine the transactions were fraudulent, should they become suspicious, by quickly withdrawing funds . . . and then quickly converting the money into . . . cashier's checks, or moving the funds to new accounts"; and (2) "defendant's money laundering played a crucial role in the larger web of sophisticated frauds in which his codefendant engaged."  (*Id.*)

With an advisory guideline imprisonment range of 41 to 51 months, the court then imposed a 45-month term of incarceration to be followed by a one-year term of supervised release, noting that Okeke would likely be deported upon completion of his prison term. The court's judgment also included mandatory restitution in the amount of $582,955.90, which was based on the total amount of losses reported by the victims of the fraud schemes. (CR, dkt. #75, at 5; CR, dkt. #62, at 46.)

On appeal, Okeke challenged the court's two-point enhancement for the use of "sophisticated means" to carry out the money laundering, which the Seventh Circuit affirmed.  *United States v. Okeke*, 779 F. App'x 389 (7th Cir. 2019).  In particular, the

Seventh Circuit found sufficient evidence that Okeke's use of the car business as a front to launder illegal fraud proceeds supported the enhancement, pointing to Okeke's withdrawal of funds, transfer of funds into his codefendant's account and an offshore account, and the use of his business as a front, while telling bank officials that suspicious transactions were actually car sales. *Id.* at 392-93.

## OPINION

In his § 2255 motion, Okeke claims that his trial counsel was ineffective because he failed to: (1) challenge the restitution amount; (2) request a downward departure; (3) raise the fact that the money he used to purchase cashier's checks were then used to purchase automobiles that he sold on his lot; and (4) argue that the court could not consider the actions of others in assessing whether the sophisticated means enhancement applied.

Relief under § 2255 "is reserved for extraordinary situations," *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), involving "errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). Moreover, section 2255 petitions are "neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996) (citations omitted); *Coleman v. United States*, 318 F.3d 754, 750 (7th Cir. 2003). Accordingly, a § 2255 motion cannot raise: (1) issues that were raised and decided on direct appeal, unless there is a showing of changed circumstances; (2) non-constitutional issues that could have been raised on direct appeal, but were not; and (3) constitutional issues that were not raised on direct appeal. *See Belford v. United*

*States*, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994)).  There are two, general exceptions regarding the third category:  if the movant demonstrates cause for failing to raise the constitutional issue and resulting, actual prejudice; *or* the court's refusal to consider the constitutional issue would result in a fundamental miscarriage of justice, which requires a showing of actual innocence.  *See Belford*, 975 F.2d at 313 (collecting authority); *see also McCleese*, 75 F.3d at 1177–78 (discussing fundamental miscarriage of justice).  In addition, an ineffective assistance of counsel claim may generally be brought in a § 2255 motion regardless of whether the claim was raised on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Okeke's third and fourth grounds for relief -- his claim that he intended to use the money to purchase automobiles and his challenge to the sophisticated means enhancement -- are subject to immediate dismissal because they were expressly raised and addressed during Okeke's sentencing and before the Seventh Circuit.  Indeed, Okeke acknowledges that the Seventh Circuit already addressed his claims related to this challenge, and as discussed, he may not use § 2255 to re-litigate these issues.  Although Okeke now frames these claims as a challenge to his attorney's performance, presumably because he believes his attorney should have addressed these issues differently, he does not explain *how* his attorney was deficient in the manner in which these issues were raised before this court or the Seventh Circuit.  Given the careful attention this court and the Seventh Circuit both gave to the appropriateness of the enhancement, the court struggles to envision how Okeke's counsel could be said to have acted deficiently.

Okeke's remaining grounds for relief do not meet the plausibility standard required to avoid dismissal under Rule 4. As an initial matter, Okeke does not explain in any level of detail in what way his attorney's failure to object to restitution or request a downward departure was deficient, much less that it amounted to a constitutional violation or miscarriage of justice. Moreover, any challenge to his restitution calculation is a non-starter: claims concerning restitution do not affect custody and, therefore, are not actionable in a motion filed pursuant to 28 U.S.C. § 2255. *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997); *see also Kaminski v. United States*, 339 F.3d 84, 86-87 (2d Cir. 2003); *Blaik v. United States*, 161 F.3d 1341, 1342-43 (11th Cir. 1998); *Smullen v. United States*, 94 F.3d 20, 25-26 (1st Cir. 1996); *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995); *United States v. Segler*, 37 F.3d 1131, 1136-37 (5th Cir. 1994); *United States v. Michaud*, 901 F.2d 5, 7 (1st Cir. 1990). Finally, Okeke does not begin to explain why he would have been entitled to a downward departure (other than the three-level downward departure he received for acceptance of responsibility). Given the court's review of the facts underlying this charge, the loss suffered by the victims of the fraud, *and* the factual predicate related to his use of the cashier checks, Okeke would be hard-pressed to make such a showing.

For all these reasons, the court will deny Okeke's motion to vacate. Under Rule 11 of the Rules Governing Section 2255 Cases, the court must also issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), meaning that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"

6

*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)).  For all the reasons just discussed, Okeke has not made such a showing. Therefore, a certificate of appealability will not issue.


ORDER

IT IS ORDERED that:

(1)      Orefo Okeke's petition under 28 U.S.C. § 2255 (dkt. #1) is DENIED.

(2)      No certificate of appealability will issue.

Entered this 14th day of June, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge